Filed 2/20/25  In re B.O. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re B.O., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.G.,<br><br>    Defendant and Appellant. | E084374<br><br>(Super.Ct.No. J301307)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Cara D. Hutson, Judge.  Affirmed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, Kristina M. Robb, Deputy County Counsel for Plaintiff and Respondent.

1

Defendant and appellant J.G. (Father) appeals from the juvenile court's dispositional order in which the court found the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) "may apply" to the child he claims is his son, B.O. (Minor; born in June 2024).  The sole issue Father raises on appeal is plaintiff and respondent San Bernardino County Children and Family Services (CFS) had not yet—at the time of the disposition hearing—met its duty of inquiry regarding whether Minor may be an Indian child, under California law implementing ICWA.  (Welf. & Inst. Code,[1] § 224.2, subd. (b).)  Specifically, CFS had not yet asked any maternal extended family members whether Minor might have Indian ancestry.  We affirm the court's order finding that ICWA may apply.

## BACKGROUND

The relevant background is brief.  CFS obtained a protective custody warrant (§ 340) under which it detained Minor soon after he tested positive for fentanyl and amphetamine at birth.  CFS filed a dependency petition on grounds Father and S.O. (Mother) failed to protect Minor from serious physical harm and Father failed to reunify with a half-sibling.  (§ 300, subds. (b)(1), (j).)

---

[1]  All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.  We note that, like the Supreme Court, we use the term "Indian" to reflect the statutory language.  No disrespect is intended.  (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125, fn. 1.)

During the course of CFS's investigation, social workers spoke to Minor's maternal grandmother (MGM) on more than one occasion, but nothing in the record indicates she was asked whether Minor might have Indian ancestry. MGM advised the workers of other relatives to be considered for placement, including, in a separate household, maternal grandfather "Michael." MGM provided his and another relative's contact information. The record does not suggest CFS inquired of any maternal relatives regarding the family's Indian background, if any.

CFS's report for the combined jurisdiction and disposition hearing indicated its inquiry was ongoing, recommending in a handwritten interlineation that the juvenile court find Minor "MAY come under the provisions of the Indian Child Welfare Act." The juvenile court adopted this recommendation at the hearing, finding: "ICWA may apply." (All caps omitted.) The court also found Minor could not safely be placed in Father's care, removed Minor from his and Mother's legal custody, and declined to order reunification services for Father—none of which Father challenges on appeal.

## DISCUSSION

Father contends CFS failed to meet its duty under governing law to inquire of extended relatives whether Minor may have Indian ancestry. (§ 224.2, subd. (b)(2).) CFS does not dispute the duty or that it applies to Minor's extended maternal relatives here. CFS instead argues Father's challenge is not yet ripe and requests dismissal of the appeal on that basis, citing *J.J. v. Superior Court* (2022) 81 Cal.App.5th 447 (*J.J.*).

In *J.J.*, the mother sought an extraordinary writ to overturn the juvenile court's orders denying her reunification services (§ 361.5) and setting a hearing to select a

3

permanent plan for her children (§ 366.26).  (*J.J.*, *supra*, 81 Cal.App.5th at p. 450.)  The mother sought writ relief on alternate grounds:  (1) insufficient evidence supported the court's reunification bypass order, and (2) she alleged inquiry and notice failures under ICWA.  The reviewing court granted the mother relief on the first ground (*J.J.*, at pp. 455-460, 461-462), and then explained why it did not reach the alternate ground.

In particular, "because the juvenile court made no final ICWA ruling at or before the challenged dispositional hearing as to whether the ICWA applied to the proceedings, mother's claim is premature.  That is, ICWA issues are not ripe for review.  ' "Ripeness" refers to the requirements of a current controversy.' [Citation.]  An issue is not ripe for review unless and until it is 'sufficiently concrete to allow judicial resolution even in the absence of a precise factual context.' " (*J.J.*, *supra*, 81 Cal.App.5th at p. 461.)  Thus, the *J.J.* court explained:  "Because the dependency case is still ongoing, any perceived deficiencies with ICWA inquiry and noticing may still be resolved during the normal course of the ongoing dependency proceedings.  Therefore, we decline mother's invitation to assess the adequacy of the ICWA inquiry and noticing process that is, based on our assessment of the record, still ongoing as well." (*Ibid.*)

These observations are equally apt here.  Nevertheless, the *J.J.* court did not order dismissal there, and dismissal of the appeal is not required here, even though Father's concerns about dismissal are unfounded.

Father opposes CFS's request for dismissal based on his concern that "dismissal will serve as an affirmance" of an erroneous ICWA finding.  That concern is misplaced where Father relies on caselaw in which the juvenile court found "that ICWA does not

4

apply," and affirmance on appeal would imply " 'that social workers had fulfilled their duty of inquiry,' " even if they had not. (*In re Dominick D.* (2022) 82 Cal.App.5th 560, 567.) No similar concern is implicated here, where the trial court did *not* find ICWA inapplicable, but rather that it may apply.

Similarly unfounded is Father's concern that dismissal might put him at risk of later being deemed to have forfeited his claim of inadequate inquiry. This concern is unfounded because the duty of inquiry continues throughout a dependency. Both the juvenile court and CFS have "an affirmative and continuing duty to inquire" whether a child subject to a section 300 petition may be an Indian child. (§ 224.2, subd. (a); see *In re Dominic F.* (2020) 55 Cal.App.5th 558, 566.) "This continuing duty can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*Dominic F.* at p. 566.) The initial duty includes inquiry of extended family members. (§ 224.2, subd. (b).) No time limit circumscribes or absolves the court or CFS of meeting this duty. If the inquiry gives the juvenile court or social worker "reason to believe that an Indian child is involved" (§ 224.2, subd. (e)), the court and CFS must conduct further inquiry to "determine whether there is reason to know a child is an Indian child." (§ 224.2, subd. (e)(2).) "CFS does not discharge their duty of further inquiry until they make a 'meaningful effort' to locate and interview extended family members and to contact [the Bureau of Indian Affairs] and the tribes." (*In re K.T.* (2022) 76 Cal.App.5th 732, 744.) Because of this continuing duty, a parent's failure to challenge an ICWA finding at an earlier hearing does not preclude a later

challenge, such as from an order terminating parental rights. (*In re Isaiah W.* (2016) 1 Cal.5th 1, 6.)

While Father's concerns regarding dismissal are insubstantial, given his statutory right to appeal the dispositional order (see § 395; *In re A.A.* (2016) 243 Cal.App.4th 1220, 1234), we think the better course rather than dismissal is to address whether the order was erroneous. It was not.

The court found on CFS's recommendation that "ICWA may apply." (All caps omitted.) Given the information available to the court and CFS at the time, the court's finding in its dispositional order is not erroneous. That was the correct finding under the circumstances. It recognized the inquiry process was ongoing. Indeed, because the court held the inquiry open, it is entirely possible that in the months spanning the juvenile court's ruling, Father's appeal, and this decision, CFS may have cured the alleged defects in its inquiry. For this reason, among others, we generally do not consider ICWA inquiry issues until the court has terminated parental rights, because "[s]o long as proceedings are ongoing and all parties recognize the continuing duty of ICWA inquiry, both the Agency and the juvenile court have an adequate opportunity to fulfill those statutory duties." (*In re S.H.* (2022) 82 Cal.App.5th 166, 179.) The parties here recognize that continuing duty, as did the juvenile court by its order.

Nor is remand with instructions to complete the ICWA inquiry necessary, regardless of whether CFS has completed its inquiry of maternal relatives. (See *In re S.H.*, *supra*, 82 Cal.App.5th at pp. 176-178.) This dependency matter will not end with this appeal. The juvenile court's finding that Minor may be an Indian child requires

continuing inquiry into that possibility, including of the maternal relatives.  (*Ibid.*;

§ 224.2, subd. (b).)

**DISPOSITION**

We affirm the juvenile court's dispositional order.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

FIELDS _____

J.